Serafin LEON, Plaintiff–Appellant,

v.

Cal TERHUNE, Director, California Department of Corrections; et al., Defendants–Appellees, Defendants.

No. 02–15904.

D.C. No. CV–98–20655–RMW.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellants' request for oral argument is denied.

Submitted Dec. 2, 2002.*

Decided Dec. 12, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM **

California state prisoner Serafin Leon appeals pro se the judgment in favor of prison defendants in his 42 U.S.C. § 1983 action challenging his validation as a prison gang associate and consequent placement in the Security Housing Unit ("SHU"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment, *Delta Sav. Bank v. United States,* 265 F.3d 1017, 1021 (9th Cir.2001), and we affirm.

Leon contends that his validation as a gang associate violated the First Amendment. We disagree. The prison's reliance on evidence that Leon associated with a gang member and possessed newspaper articles on the Mexican Mafia was reasonably related to legitimate penological interests. *See Stefanow v. McFadden,* 103 F.3d 1466, 1472 (9th Cir.1996) (recognizing that prison actions affecting First Amendment rights are permissible when reasonably related to legitimate interest of prison security). Leon did not create a triable issue of fact as to whether defendants validated him as a gang associate

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

because he associated with a known jail-house lawyer rather than because he associated with a known gang member.

■ Leon also contends that his due process rights were violated because his validation as a gang associate was based on insufficient and unreliable evidence. However, the record shows "some evidence" supporting the gang affiliation finding. *See Superintendent v. Hill,* 472 U.S. 445, 455–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Toussaint v. McCarthy,* 926 F.2d 800, 802 (9th Cir.1991). The statements of confidential informants were sufficiently reliable because the informants each independently provided the same information about Leon and they had previously provided truthful information. *See Zimmerlee v. Keeney,* 831 F.2d 183, 186–87 (9th Cir.1987) (reliability of confidential informants may be established by, among other things, corroborating testimony or proof that the informant previous supplied reliable information).

Leon also contends that the prison regulations defining gang association are impermissibly vague. He did not make this argument to the district court, and it is therefore waived. *See Crawford v. Lungren,* 96 F.3d 380, 389 n. 6 (9th Cir.1996).

AFFIRMED.

